## Richard J. Jamborsky, Chief Judge of the Circuit Court of Fairfax County

### v.

## Tiko A. Baskins

Record No. 930711

April 15, 1994

Present: All the Justices

*H. Elizabeth Shaffer, Assistant Attorney General (Stephen D. Rosenthal, Attorney General,* on brief), for appellant.
*Patrick N. Anderson,* for appellee.

JUSTICE KEENAN delivered the opinion of the Court.

The sole issue in this appeal is whether compliance with the 21-day time period specified in Code § 16.1-269(E) is a jurisdictional requirement for the transfer of a juvenile to the circuit court for trial as an adult.

Tiko A. Baskins, a juvenile, was charged with rape, aggravated sexual battery, and abduction of a 12-year-old girl. Felony petitions on these charges were filed in the Juvenile and Domestic Relations

District Court of Fairfax County (the juvenile court). On July 31, 1992, after hearing evidence on these charges, the juvenile court found, pursuant to Code § 16.1-269(A)(3), that there was probable cause to believe that Baskins had committed an act that would be a felony if committed by an adult. The juvenile court continued the case for a hearing to determine whether it should certify Baskins for trial as an adult in the Circuit Court of Fairfax County (the circuit court).

On August 14, 1992, after conducting a hearing, the juvenile court entered an order certifying Baskins to the circuit court for trial as an adult. Baskins appealed this decision and the juvenile court's file was delivered to the circuit court for review pursuant to Code § 16.1-269(E). That section provides, in material part, that

> the judge of the juvenile court shall forward to the circuit court all papers connected with the case, including the report required by this section, as well as a written order setting forth the reasons for the juvenile court's opinion. *The circuit court shall, within twenty-one days after receipt of the case from the juvenile court,* examine all such papers, reports and orders to determine if there has been compliance with this section, but without redetermining whether the juvenile court had sufficient evidence to find probable cause, and *enter an order either remanding the case to the juvenile court or advising the attorney for the Commonwealth that he may seek an indictment.*

(Emphasis added.)

On September 8, 1992, the circuit court entered an order authorizing the Commonwealth's Attorney to seek an indictment against Baskins. Baskins was indicted for rape and aggravated sexual battery. Baskins moved to quash the indictment, arguing that the circuit court lacked jurisdiction since it had not entered its order within the 21-day time period specified in Code § 16.1-269(E). The circuit court denied the motion.

Baskins petitioned the Court of Appeals for writs of prohibition and mandamus pursuant to Code § 17-116.04. A panel of the Court of Appeals granted the writ of prohibition and denied the writ of mandamus. *In re Baskins,* 16 Va. App. 241, 430 S.E.2d 555 (1993). The Court of Appeals relied on *Bea v. Commonwealth,* 14 Va. App. 977, 980, 420 S.E.2d 255, 257 (1992), in which the 21-day time period of Code § 16.1-269(E) was held to be mandatory and jurisdictional, and issued a writ "prohibiting further proceedings in the circuit court and directing the circuit court to remand this case to the juvenile court for

further proceedings if the Commonwealth be so advised." *Id.* at 246, 430 S.E.2d at 558. This Court awarded Richard J. Jamborsky, Chief Judge of the Circuit Court of Fairfax County, an appeal from that decision.

The Attorney General, on behalf of Judge Jamborsky, argues that the Court of Appeals erred in issuing the writ of prohibition, because compliance with the 21-day time period provided in Code § 16.1-269(E) is not a jurisdictional requirement for the transfer of a juvenile to the circuit court for trial as an adult. He asserts that the language of the statute specifying a 21-day period is directory, rather than mandatory. In support of his position, the Attorney General contends that this Court has held provisions of the juvenile transfer statutes to be jurisdictional only when non-compliance with those provisions violates the substantive rights of the juvenile.

In response, Baskins argues that because Code § 16.1-269(E) uses the word "shall," the statute must be interpreted in mandatory terms. Baskins contends that any other construction would permit the circuit court to delay action indefinitely, in violation of the juvenile's right to due process. Thus, in accordance with the holding in *Bea*, Baskins argues that the circuit court never acquired jurisdiction because it did not order the transfer within 21 days after it received his juvenile court records. We disagree with Baskins.

When asked to determine whether various provisions relating to juvenile transfer proceedings are jurisdictional in nature, this Court has analyzed those provisions to determine whether they impart a substantive right to the juvenile or merely impose a procedural requirement. The overriding principle governing this inquiry is that the provisions should be construed to protect the unique substantive rights of the juvenile.

Applying this principle in *Peyton v. French,* 207 Va. 73, 79-80, 147 S.E.2d 739, 743 (1966), this Court held that the statutory requirement of a transfer hearing in the juvenile court conferred a substantive right. This provision allows the juvenile an opportunity to request that the juvenile court exercise its discretionary authority to retain jurisdiction over the offenses charged.

Since French was not given a transfer hearing in the juvenile court, this Court held that he was denied the opportunity to present evidence and to be heard on the issue whether his case should be certified to the circuit court, and that the juvenile court's failure to comply with the statute violated French's constitutional guarantee of due process. In reaching this result, this Court determined that the statutory require-

ment at issue was jurisdictional and not procedural. *Id.* at 80, 147 S.E.2d at 743.

Similarly, in *Tilton v. Commonwealth,* 196 Va. 774, 85 S.E.2d 368 (1955), this Court held that a substantive right was created by a statutory requirement that, upon indictment of a juvenile on certain offenses, the circuit court "shall require a full and complete investigation of the physical, mental and social condition and personality of the child or minor and the facts and circumstances surrounding the violation of the law which is the cause of his being before the court." *Id.* at 782, 85 S.E.2d at 373. This statute afforded the juvenile the substantive right to advise the circuit court of circumstances upon which the court might exercise its discretion to remand the case to juvenile court. The investigation also provided information to assist the circuit court, if it retained jurisdiction of the case, in determining whether to sentence the defendant as a juvenile or as an adult. *Id.* at 787-88, 85 S.E.2d at 375-76.

In concluding that this statutory provision imparted a substantive right, this Court recognized that the required report had an "additional and broader purpose" than the post-conviction report prepared by the probation officer under another statute. *Id.* at 788, 85 S.E.2d at 376. Because that substantive right had been denied, this Court reversed the defendant's conviction and remanded the case for a new trial.

In contrast to the substantive rights at issue in *French* and *Tilton,* this Court reviewed a procedural requirement in *Turner v. Commonwealth,* 216 Va. 666, 222 S.E.2d 517 (1976). Turner contended that the circuit court lacked jurisdiction to try him because the juvenile court had failed to give him written notice of the transfer hearing, as required by statute.

The record showed that Turner and his father were given oral notice of the transfer hearing date at Turner's detention hearing. The record also showed that counsel was appointed for Turner 16 days prior to the transfer hearing, and that defense counsel was "notified of hearing date." Turner, his attorney, and his parents were all present at the transfer hearing. Further, Turner did not assert that he was prejudiced by the lack of written notice.

This Court rejected Turner's claim that the circuit court did not acquire jurisdiction over his case, holding that the requirement of written notice was procedural and not jurisdictional. In emphasizing that all necessary parties were present at the transfer hearing, this Court implicitly recognized that the procedural violation at issue did not result in the denial of any substantive right.

We hold that the present case is analogous to *Turner*. None of Baskins's substantive rights was infringed as a result of the three-day delay in the circuit court's assumption of jurisdiction over his felony charges. In fact, at oral argument in this appeal, Baskins's counsel acknowledged that the 21-day requirement in Code § 16.1-269(E) "is procedural in that it does not convey a substantive right," and that Baskins did not suffer "even minor prejudice" because of the delay.

The procedural nature of this requirement is underscored by this Court's repeated holding that the use of "shall," in a statute requiring action by a public official, is directory and not mandatory unless the statute manifests a contrary intent. As this Court explained in *Commonwealth v. Rafferty*, 241 Va. 319, 402 S.E.2d 17 (1991), "[a] statute directing the mode of proceeding by public officers is to be deemed directory, and a precise compliance is not to be deemed essential to the validity of the proceedings, unless so declared by statute." *Id.* at 324, 402 S.E.2d at 20 (quoting *Nelms v. Vaughan*, 84 Va. 696, 699, 5 S.E. 704, 706 (1888) (citation omitted)). Thus, in construing former Code § 18.2-268(Q), which provided that an executed certificate of refusal to take a blood or breath test "shall be attached to the warrant," this Court held in *Rafferty* that the magistrate's failure to attach the certificate as required was not essential to the validity of the proceeding on that charge. *Id.* at 324-25, 402 S.E.2d at 20.

In the present case, Code § 16.1-269(E) contains no prohibitory or limiting language that prevents the circuit court from entering its order beyond the expiration date of the 21-day period.* Absent such limiting language, the provision at issue is directory and procedural, rather than mandatory and jurisdictional. *See Rafferty*, 241 Va. at 324-25, 402 S.E.2d at 20.

We reject Baskins's contention that our holding today will permit a circuit court to delay action indefinitely, in violation of a juvenile's due process rights. Our decision is based on the uncontroverted fact that Baskins did not suffer any prejudice as a result of the delay in the entry of the circuit court order. Any determination whether a defendant has suffered prejudice constituting a denial of due process must be made on a case-by-case basis.

---

* In contrast, an example of language specifically limiting the authority of a circuit court to act within a stated time period is found in Rule 1:1, which states, in part, that "[a]ll final judgments, orders, and decrees . . . shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the entry, *and no longer*." (Emphasis added.)

■ We also observe that our holding here is directly contrary to the conclusion reached by a panel of the Court of Appeals in *Bea v. Commonwealth,* 14 Va. App. 977, 420 S.E.2d 255 (1992). Since *Bea* held that compliance with the 21-day time period in Code § 16.1-269(E) is mandatory and jurisdictional, our decision today overrules the contrary holding of *Bea.*

For these reasons, we will reverse the judgment of the Court of Appeals and vacate the writ of prohibition.

*Reversed and final judgment.*