COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Annunziata and
         Senior Judge Hodges
Argued at Richmond, Virginia

GREGORY EUGENE COLEMAN

v.       Record No. 1331-94-2       MEMORANDUM OPINION[*]
                                 BY JUDGE ROSEMARIE P. ANNUNZIATA
COMMONWEALTH OF VIRGINIA                      AUGUST 1, 1995


           FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    Herbert C. Gill, Jr., Judge

     Robert J. Wagner (Wagner & Wagner, on brief), for appellant.

     Margaret Ann B. Walker, Assistant Attorney General (James S.
     Gilmore, III, on brief), for appellee.



     Gregory Eugene Coleman (appellant) was convicted by a jury

of felony petit larceny in violation of Code §§ 18.2-96 and

19.2-297.[1]  On appeal, appellant argues that the trial court

erred by (1) refusing to bifurcate his trial pursuant to Code

§ 19.2-295.1, and (2) allowing the Commonwealth to present

_____

     [*] Pursuant of Code § 17.116.010 this opinion is not
designated for publication.

     [1] Former Code § 19.2-297 provided:

          When a person is convicted of petit larceny,
          and it is alleged in the indictment on which
          he is convicted, and admitted, or found by
          the jury or judge before whom he is tried,
          that he has been before sentenced in the
          United States for any larceny or any offense
          deemed to be larceny by the law of the
          sentencing jurisdiction, he shall be confined
          in jail not less than thirty days nor more
          than twelve months; and for a third, or any
          subsequent offense, he shall be guilty of a
          Class 6 Felony.

Code § 19.2-297 was repealed in 1994.  Felony petit larceny now
is included in Code § 18.2-104.

evidence of his prior larceny convictions.  We disagree and affirm the conviction.

## I.

Appellant was arrested on March 16, 1994 and charged with felony petit larceny for stealing two leather wallets from the J.C. Penney department store, having been at least twice before sentenced for larceny offenses.

The day of trial, July 7, 1994, the court asked the prosecutor if he intended to proceed with a bifurcated trial.[2] The prosecutor stated that he did not.  Both the trial court and appellant's counsel believed that bifurcation was required in felony cases.  Appellant's counsel added, however, that he "wouldn't have any objection" to a unitary trial.  Counsel for the Commonwealth and appellant advised the court that neither would have evidence to present at a sentencing phase, beyond that which would be presented during the guilt phase of the trial. The court ruled that the guilt and sentencing phases of the trial would be heard "at the same time," to which appellant's counsel responded, "[f]air enough."

Appellant's counsel also argued pretrial that because he had not received certified copies of appellant's prior larceny conviction orders from the Commonwealth fourteen days before

---

[2] Code § 19.2-295.1, effective July 1, 1994, provides in pertinent part that, "[i]n cases of trial by jury, upon a finding that the defendant is guilty of a felony, a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury."

trial, the Commonwealth was barred by Code § 19.2-295.1 from introducing the orders. The court ruled that proof of prior larceny convictions was an element of the offense and the Commonwealth was not barred from introducing orders in its case to establish that element. At trial, the Commonwealth introduced certified copies of conviction orders for two petit larcenies and one grand larceny.

## II.

The provision in Code § 19.2-295.1 that a "separate proceeding limited to the ascertainment of punishment shall be heard as soon as practicable before the same jury" is not a jurisdictional requirement. "[T]he use of 'shall' in a statute requiring action by a public official, is directory and not mandatory unless the statute manifests a contrary intent." Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994). See Commonwealth v. Rafferty, 241 Va. 319, 324, 402 S.E.2d 17, 20 (1991).

Code § 19.2-295.1 contains no limiting or prohibitory language that prevents the circuit court from allowing a unitary trial under the circumstances of this case.[3] "Absent such limiting language, the provision at issue is directory and procedural, rather than mandatory and jurisdictional." Jamborsky, 247 Va. at 511, 442 S.E.2d at 639.

_____

[3] Cf. Rule 1:1 which provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." (Emphasis added.)

3

At trial, appellant voiced no objection to a unitary trial, and in fact acquiesced in the court's proposal to hold the two stages of the trial "at the same time." Thus, appellant is barred on appeal from challenging the court's failure to hold a bifurcated trial. Rule 5A:18. See Boblett v. Commonwealth, 10 Va. App. 640, 650-51, 396 S.E.2d 131, 136 (1990). Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## III.

The requirement in Code § 19.2-295.1 that the Commonwealth provide copies of conviction orders fourteen days before trial is inapplicable in this case. Appellant was indicted for felony petit larceny under Code § 19.2-297 and it is this Code section which governs. That section requires the Commonwealth to allege and prove at least two prior larcenies or like offenses in order to elevate the charged larceny from a misdemeanor to a felony. See Brown v. Commonwealth, 226 Va. 56, 59, 307 S.E.2d 239, 242 (1983). Proof of prior convictions thus constitutes an element of the offense.

As Code § 19.2-295.1 did not govern the introduction of conviction orders in this case,[4] the trial court properly admitted the orders into evidence.

The decision of the trial court is affirmed.

---

[4] Code § 19.2-295.1 provides that "[t]he Commonwealth shall provide to the defendant fourteen days prior to trial photocopies of certified copies of the defendant's prior criminal convictions which it intends to introduce at sentencing." (Emphasis added.)

<u>Affirmed.</u>