COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Elder and Senior Judge Cole
Argued at Richmond, Virginia

WILLIAM DAMOND CHEEKS

v.  Record No. 0983-94-2                          OPINION BY
                                            JUDGE MARVIN F. COLE
COMMONWEALTH OF VIRGINIA                        JULY 25, 1995


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Thomas N. Nance, Judge

          Bradford F. Johnson (Johnson & Walker, on
          brief), for appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief) for appellee.



     William Damond Cheeks was convicted of malicious wounding
and use of a firearm in the commission of a felony.  On appeal,
he contends that the trial court violated Code § 16.1-269 when it
conducted a review of the juvenile court transfer hearing on
October 27, 1993, without giving him any notice or opportunity to
be heard and that such violation requires a remand to the
juvenile court.  We agree that the hearing without notice
violated Cheeks' due process rights and remand the case to the
circuit court.  We do not agree with Cheeks' contention that the
case must be remanded to the juvenile court.

     Cheeks, a seventeen year old juvenile, was charged in the
Richmond Juvenile and Domestic Relations Court (juvenile court)
with maliciously wounding Walter Booker on September 13, 1993,
and using a firearm in the commission of a felony.  On October 5,
1993, he and his attorney appeared before the juvenile court for

a transfer hearing pursuant to Code § 16.1-269(E).  After the
presentation of evidence, the juvenile court entered an order
transferring both cases to the Richmond Circuit Court for trial
of the appellant as an adult.  Cheeks appealed the transfer
decision, and the juvenile court's file was delivered to the
circuit court for review pursuant to Code § 16.1-269(E).

The transfer appeal review appeared on the circuit court's
docket on October 27, 1993.  Neither Cheeks nor his attorney
appeared.  The assistant Commonwealth's attorney assigned to the
case advised the court that she had scheduled the hearing but had
not notified the appellant or his attorney.  She thought that the
court was required to review the juvenile court's decision within
twenty-one days from the receipt of the file or the cases would
be remanded to the juvenile court.[1]  She was not aware of the
change in the statute that occurred on July 1, 1993, providing
that the circuit court had a reasonable amount of time to decide
the transfer appeal.  The court, nonetheless, proceeded to hear
the case.  During the October 27, 1993 ex parte hearing, the
court examined the papers, reports, and orders from the juvenile
court, upheld the transfer of the cases, and granted permission
for the Commonwealth's attorney to seek indictments at the next

---

[1]Prior to July 1, 1993, Code § 16.1-269(E) provided that
"[t]he circuit court shall, within twenty-one days after receipt
of the case from the juvenile court, and after examination of all
such papers, reports and orders, enter an order either remanding
the case to the juvenile court or advising the Commonwealth's
attorney that he may seek an indictment."

2

grand jury meeting, which was scheduled to be held on November 8, 1993.

Cheeks contends that failure to provide him with notice of the October 27, 1993, hearing violated his due process rights, and, despite being provided subsequent opportunities to present evidence, his convictions must be reversed because he was not provided a transfer review hearing in the circuit court. The Commonwealth admits that Cheeks was entitled to notice of the transfer review hearing, but it argues that this error was cured because the circuit court on two occasions afforded Cheeks an opportunity to present any evidence he wished to tender. Cheeks refused, claiming that the error was irremediable and that he was entitled to a reversal or a remand to the juvenile court.

In <u>Harris v. Deal</u>, 189 Va. 675, 686-87, 54 S.E.2d 161, 166 (1949), the Supreme Court stated that

> [n]o judicial proceeding can deprive a man of his property without giving him an opportunity to be heard in accordance with the provisions of the law, and if a judgment is rendered against him without such opportunity to be heard, it is absolutely void. A void judgment is in legal effect no judgment. By it no rights are obtained.

See also <u>Matthews v. Commonwealth</u>, 216 Va. 358, 359, 218 S.E.2d 538, 540 (1975) (holding that "'"it is well settled that a void decree or order is a nullity and may on proper application be vacated at any time."'") (citation omitted). Applying this principle, we find that the order of October 27, 1993, entered in the circuit court is void for lack of notice to the appellant.

An important consideration in interpreting the meaning of a statute is whether it is mandatory and jurisdictional or directory and procedural. When asked to decide whether various provisions relating to juvenile transfer proceedings are jurisdictional in nature, the Supreme Court has analyzed the provisions "to determine whether they impart a substantive right to the juvenile or merely impose a procedural requirement." Jamborsky v. Baskins, 247 Va. 506, 509, 442 S.E.2d 636, 637 (1994). A mandatory provision in a statute is one that connotes a command and the omission of "'which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not necessary to the validity of the proceeding; and a statute may be mandatory in some respects, and directory in others.'" Ladd v. Lamb, 195 Va. 1031, 1035, 81 S.E.2d 756, 759 (1954) (citation omitted). See also Jamborsky, 247 Va. at 511, 442 S.E.2d at 638 (holding that the twenty-one day period in the transfer statute under former Code § 16.1-269(E) is directory and procedural and not mandatory and jurisdictional). However, the denial of a transfer hearing and the opportunity to present evidence deprived the accused of a substantive right and the constitutional guarantee of due process. Id. at 509, 442 S.E.2d at 637.

The procedure for a transfer appeal review in the circuit court is set forth in Code § 16.1-269(E) and provides, in pertinent part:

4

If the court, after a hearing on whether the transfer should be made or whether jurisdiction should be retained, . . . transfers the case, the juvenile may, within ten days of such decision, note an appeal of the decision to transfer to the circuit court . . . . Within three days after receipt of . . . such notice, the judge of the juvenile court shall forward to the circuit court all papers connected with the case, including the report required by this section, as well as a written order setting forth the reasons for the juvenile court's opinion. The circuit court shall, within a reasonable period of time after receipt of the case from the juvenile court, (i) examine all such papers, reports and orders and (ii) conduct a hearing to take further evidence on the issue of transfer, to determine if there has been compliance with this section, but without redetermining whether the juvenile court had sufficient evidence to find probable cause, and enter an order either remanding the case to the juvenile court or advising the attorney for the Commonwealth that he may seek an indictment. If the grand jury returns a true bill upon such indictment the jurisdiction of the juvenile court

5

as to such case shall terminate.  The judge of the circuit court who reviewed the case after receipt from the juvenile court shall not over the objection of an interested party preside over the trial of such charge or charges.

In addition to his statutory right to a transfer hearing, the appellant is entitled to certain constitutional due process rights.  These are spelled out in Kent v. United States, 383 U.S. 541 (1966).  In Kent, the petitioner attacked the waiver (transfer) of jurisdiction on a number of statutory and constitutional grounds.  He contended that the waiver was defective because no hearing was held, no findings were made in the juvenile court, no reasons were stated for the waiver by the juvenile court, and counsel was denied access to the social service file.  After discussing the importance of the waiver procedure to the juvenile and referring to it as "critically important," the Supreme Court held:

> The net, therefore, is that petitioner--then a boy of 16--was by statute entitled to certain procedures and benefits as a consequence of his statutory right to the "exclusive" jurisdiction of the Juvenile Court.  In these circumstances, considering particularly that decision as to waiver of jurisdiction and transfer of the matter to the District Court was potentially as important to petitioner as the difference between five years' confinement and a death sentence, we conclude that, as a condition to a valid waiver order, petitioner was entitled to a hearing, including access by his counsel to the social records and probation or similar reports which presumably are considered by the court, and to a statement of reasons for the Juvenile Court's decision.  We believe that this result is required

6

> by the statute read in the context of
> constitutional principles relating to due process
> and the assistance of counsel.

Id. at 557 (footnote omitted).

We find that compliance with the substantive provisions of Code § 16.1-296(E) is mandatory and jurisdictional and, therefore, cannot be waived by a juvenile. This case is clearly distinguishable from the twenty-one day rule at issue in Jamborsky.

On November 8, 1993, the grand jury indicted Cheeks for malicious wounding and use of a firearm in the commission of a felony. On November 12, 1993, Cheeks filed a motion to quash the indictments and to remand the cases to the juvenile court for final adjudication because he was not present or represented by counsel at the October 27, 1993, transfer appeal hearing. A hearing on the motion to quash was held on November 16, 1993. The circuit court judge refused to quash the indictments but offered Cheeks an opportunity to present evidence regarding the transfer proceeding in the juvenile court. Cheeks declined to put on any evidence. Instead, he asserted that he had a right to a de novo hearing in the circuit court, that under the provisions of the fourteenth amendment he had a right to be notified of the transfer hearing on October 27, 1993, and that he had a right to be heard and to present evidence at the hearing. He further argued that once the grand jury indicted him on the charges, the only remedy available to him was to quash the indictments because

7

the circuit court could not thereafter remand the cases to the juvenile court. The trial court refused to quash the indictments.

In the court's order, entered following the hearing, no recitation was made that a transfer review hearing was held. The order denied the motion to quash the indictments and granted the appellant's motion for a psychiatric examination. The order neither indicated that the trial judge had examined all the papers, reports and orders from the juvenile court, nor stated that the court conducted a hearing to take further evidence on the transfer issue. The order did not remand the cases to the juvenile court or advise the attorney for the Commonwealth that he could seek an indictment on the charges. We hold that this hearing did not constitute a transfer appeal review in compliance with Code § 16.1-269(E) and the constitutional requirements of due process.

On March 17, 1994, the two criminal cases were scheduled for trial before another circuit court judge pursuant to the provisions of the statute. Defense counsel represented to the court that he and the Commonwealth's attorney had agreed to a special plea of guilty pursuant to Code § 19.2-254, leaving open only "the issue of the transfer hearing." Upon ascertaining that no de novo transfer review had taken place, the trial judge offered to conduct a hearing at that stage of the proceedings and to determine whether the cases should have been in the circuit

8

court or whether appellant should be reindicted.  The appellant declined these offers, contending that the indictments had to be quashed.  Instead, he insisted that the court proceed upon the conditional guilty pleas.  Accordingly, appellant was adjudged guilty and, on April 28, 1994, the court imposed sentences upon the appellant.

We hold that the circuit court did not conduct a transfer appeal review as contemplated by statute, but instead held a trial on the merits of the case.  The order that was entered following the trial did not recite that a transfer hearing had been held nor did it indicate that the judge had examined all the papers, reports and orders from the juvenile court.  Also, the order did not indicate that the court had conducted a hearing to take further evidence on the issue of transfer.  The order did not remand the cases or advise the attorney for the Commonwealth that he could seek indictments.

Because the circuit court failed to grant the appellant a transfer appeal review in compliance with Code § 16.1-269(E) and the constitutional requirements set forth in Kent, we vacate appellant's convictions for malicious wounding and use of a firearm in the commission of a felony and remand the cases to the circuit court with directions to provide a transfer appeal hearing in accordance with law.  If the circuit court determines that the appellant should be tried as an adult, it shall enter an order containing appropriate and proper findings and advising the

9

Commonwealth's attorney that he may seek new indictments on the charges.  If the circuit court determines that the appellant should be tried as a juvenile, it shall enter an order containing appropriate and proper findings and remand the cases to the juvenile court for further proceedings as a juvenile.

<u>Vacated and remanded.</u>