COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Bray
Argued at Norfolk, Virginia


DWAYNE M. REID

MEMORANDUM OPINION[*] BY
v.          Record No. 1175-95-1          JUDGE SAM W. COLEMAN III
                                          JULY 2, 1996
COMMONWEALTH OF VIRGINIA

                FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                        Westbrook J. Parker, Judge

                Timothy E. Miller, Public Defender (Office of
                the Public Defender, on brief), for
                appellant.

                Daniel J. Munroe, Assistant Attorney General
                (James S. Gilmore, III, Attorney General, on
                brief), for appellee.


     The sole issue in this appeal is whether the circuit court

lacked jurisdiction over this case because the juvenile and

domestic relations district court judge failed to transfer all

papers connected with the case to the circuit court within three

days after receiving notice of the appeal of the transfer

decision as required by Code § 16.1-269(E).  We hold that the

three-day requirement is not jurisdictional.  Therefore, we

affirm the convictions.

     Dwayne M. Reid was convicted in a bench trial of capital

murder, robbery, and two counts of the use of a firearm in the

commission of a felony after his case was transferred to the

---

     [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

circuit court from the juvenile and domestic relations court (juvenile court).  Reid contends that the circuit court did not have jurisdiction to try him because the juvenile court did not forward all of the papers connected with the case to the circuit court within three days of receiving notice of the defendant's appeal of the transfer decision, as required by Code § 16.1-269(E).[1]  The principles and rationale set forth by the Supreme Court in <u>Jamborsky v. Baskins</u>, 247 Va. 506, 442 S.E.2d 636 (1994), control our decision here.  Based on the <u>Baskins</u> decision, we hold that the three-day requirement of Code § 16.1-269(E) is directory and procedural, not mandatory and jurisdictional, and that the defendant was not prejudiced by the delay in forwarding the papers to the circuit court.

That portion of Code § 16.1-269(E) that requires the juvenile court judge to forward all papers connected with the

---

[1] Former Code § 16.1-269(E) provided, in pertinent part:

> Within three days after receipt of [notice of an appeal of the transfer decision] the judge of the juvenile court shall forward to [the] circuit court all papers connected with the case, including the report required by this section, as well as a written order setting forth the reasons for the juvenile court's opinion that the case should be retained in [or transferred from] that court.

Subsequent to the proceedings in the juvenile court and the circuit court in this case, the General Assembly replaced Code § 16.1-269 with Code § 16.1-269.6.  The new statute provides that the juvenile court shall forward to the circuit court all of the papers connected with the case "[w]ithin seven days after receipt of notice of an appeal from the transfer decision."  Code § 16.1-269.6(A).

case after appeal of the transfer decision to the circuit court "is procedural in that it does not convey a substantive right." Id. at 511, 442 S.E.2d at 638. Baskins dealt with the provision in former Code § 16.1-269(E) which stated that the circuit court "shall" examine the transfer decision within twenty-one days to determine compliance; this case deals with a provision of the same statute that has the same purpose -- expeditious review of the juvenile's transfer to circuit court, which "shall" be done within three days. In Baskins, the Supreme Court reaffirmed that "the use of 'shall,' in a statute requiring action by a public official, is directory and not mandatory unless the statute manifests a contrary intent." Id. Because "Code § 16.1-269(E) contains no prohibitory or limiting language that prevents the [juvenile] court from" forwarding the papers connected with the case to the circuit court more than three days after receiving notice of an appeal of the transfer decision, failure to comply with the three-day requirement is not jurisdictional. Thus, in the absence of evidence that the defendant was prejudiced by the delay in forwarding the papers, the judgment of the circuit court will not be disturbed on appeal. Id. at 511, 442 S.E.2d at 638-39.

Here, all of the papers connected with the case were on file with the circuit court and were available to the defendant prior to the circuit court hearing on the transfer decision. The two continuances that were granted in the circuit court were the

defendant's motions and were not because of the delay in forwarding the papers.  Therefore, the circuit court did not err by holding that the delay in forwarding the papers did not prejudice the defendant and by retaining jurisdiction of the case.  Accordingly, we affirm the defendant's convictions.

Affirmed.
