# Ford Motor Company

## V.

# Courtesy Motors, Inc.

Record No. 860319

January 13, 1989

Present: Carrico, C.J., Poff,* Compton, Stephenson, Russell, Thomas, and Whiting, JJ.

---

* Justice Poff participated in the hearing and decision of this case prior to the effective date of his retirement on December 31, 1988.

*Joseph A. Ritok, Jr. (David F. Peters; Dykema, Gossett, Spencer, Goodnow & Trigg; Hunton & Williams*, on briefs), for appellant.

*W. T. Robey, III (Robey & Irvine*, on brief), for appellee.

*Amicus Curiae:* Commonwealth of Virginia (Mary Sue Terry, Attorney General; Walter A. McFarlane, Deputy Attorney General; Jeffrey A. Spencer, Assistant Attorney General, on brief), for appellant.

WHITING, J., delivered the opinion of the Court.

In this appeal, we decide whether the disqualification of one member of a six-member advisory board to the Commissioner of Motor Vehicles nullifies the statutorily required recommendations of the remaining individual board members.

In February 1984, Ford Motor Company (Ford), a motor vehicle manufacturer subject to the provisions of the Virginia Motor Vehicle Dealer Licensing Act, Code §§ 46.1-515 to -550.5,[1] decided to grant a franchise for a Ford dealership in Lexington, Virginia. Because Lexington is about six miles from Buena

---

[1] The Act has been extensively amended, and now consists of Code §§ 46.1-515 to -550.5:38.

Vista and is in the same market area, Ford gave Courtesy Motors, Inc. (Courtesy), Ford's franchised dealer in Buena Vista, written notice of its intent, as required by Code § 46.1-547(d).[2] Courtesy objected on the ground that the market area would not support another Ford dealership.

A hearing officer designated by the Commissioner held the hearing required by Code § 46.1-547(d) to determine if "there is reasonable evidence that after the grant of the new franchise the market will not support all of the dealerships in that line-make in the trade area."[3] After hearing evidence and argument, the hearing officer found that the evidence was "insufficient to find that the market will not support all of the dealerships" and so advised the Commissioner.

Code § 46.1-550.1(B)[4] requires that "[b]efore rendering any decision under this article, the Commissioner shall obtain recommendations on the subject from the Motor Vehicle Dealers' Advisory Board . . . ." Code § 46.1-550.2, which required appointment of the board, also provided that no two members of the board might be dealers of the same manufacturer.[5] In the present case, one board member, Richard G. Barkhouser, was a Ford dealer in Danville, while M.G. "Ted" Britt, another member, was both a Mazda and a Ford dealer in Fairfax.

Another agent of the Commissioner sent a copy of the hearing officer's recommended decision, the proposed findings of fact, conclusions of law, and "statement of reasons" submitted by counsel for Ford and for Courtesy to each member of the six-member board. Five members responded to the agent, three in writing and two orally; all five concurred in the hearing officer's recommendation. Britt and Barkhouser were among those who responded in writing. The sixth member was unavailable for comment.

The Commissioner, after reciting his review of the evidence taken at the hearing, the briefs of counsel, and the recommendations of the members of his advisory board, found that Courtesy

---

[2] Now Code § 46.1-550.5:27(4).

[3] The 1985 amendment of Code § 46.1-547(d) substituted "will support" for "will not support." Acts 1985, c. 219. Current Code § 46.1-550.5:27(4) retains the "will support" language.

[4] Now Code § 46.1-550.5:32.

[5] This limitation is not contained in the corresponding provision of the Act as amended, Code § 46.1-517.1.

had not produced sufficient evidence to show that "after the grant of the new franchise, the market will not support all the dealerships in that line-make in the trade area."

Courtesy appealed the Commissioner's decision to the Circuit Court pursuant to Code §§ 46.1-539[6] and 9-6.14:1 to :25. In that appeal, Courtesy claimed that the Commissioner erred: (1) in acting upon the recommendation of an unlawfully constituted board; (2) in failing to make "the statutorily required finding of whether there was 'reasonable evidence' that after the grant of the new franchise, the market area will not support all of the [Ford] dealerships"; (3) in deciding the issue arbitrarily and inconsistently with his prior decisions; and (4) in deciding the case without substantial supporting evidence. After hearing oral argument and after reviewing the proceedings before the Commissioner and the briefs filed, the Circuit Court confirmed the Commissioner's findings.

Courtesy appealed that decision to the Court of Appeals, assigning the same grounds for appeal as in the Circuit Court. Without reaching the remaining grounds, the Court of Appeals reversed the decision of the Circuit Court upon the ground that the recommendations of the members of the advisory board were a condition precedent to the Commissioner's action and, because the Commissioner had not received a recommendation from a validly constituted board, he could not act.

We granted Ford an appeal from the decision of the Court of Appeals and the Commonwealth filed an *amicus curiae* brief. Rule 5:30(a)(1). The Commonwealth and Ford, for the first time on this appeal, argue that we should consider the actions of the board members as valid upon the "*de facto* officer" doctrine. We cannot consider the argument because it was not made in the Court of Appeals. *See* Rules 5:25; 5:28(d).

Because one member of the board was appointed in violation of the statute, the question is whether that violation nullified the individual recommendations of the remaining members of the board and resulted in the Commissioner acting without the recommendations of members of his advisory board.

The doctrine of harmless error is applicable to this administrative proceeding. Code § 9-6.14:17. Under the circumstances in this case, we hold that the disqualification of one member of the

---

[6] Now Code § 46.1-550.5:36.

advisory board was harmless error and did not nullify the action of the remaining board members. We do so for several reasons.

■ First, there is no evidence indicating that Courtesy's rights were affected in any way by the disqualification of one board member.

■ Second, the board does not act as a body; the statute contemplates that each member make his or her recommendations to the Commissioner, and that is what was done in this case. There is no evidence that either Britt or Barkhouser had contact with each other or the other board members before each of the five board members submitted independent recommendations. Moreover, the Commissioner could have disregarded these recommendations. For these reasons, Courtesy's analogy of a juror's disqualification is inapposite. A jury acts as a body, and its findings are not mere recommendations.

■ Third, the statute permits one member of the board to be a Ford dealer; excluding either Barkhouser or Britt from consideration, a total of four members, a majority of the board, recommended granting the second franchise.

Accordingly, we will reverse the judgment of the Court of Appeals and remand the case to that court for consideration of Courtesy's remaining assignments of error.

*Reversed and remanded.*