COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


J.B.
                                              OPINION BY
v.        Record No. 0351-95-4        JUDGE LARRY G. ELDER
                                         NOVEMBER 28, 1995
CAROL A. BRUNTY, COMMISSIONER,
 DEPARTMENT OF SOCIAL SERVICES

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        F. Bruce Bach, Judge

         John E. Arnett (William B. Reichhardt; Surovell,
         Jackson, Colten & Dugan, P.C., on briefs), for
         appellant.

         Gaye Lynn Taxey, Assistant Attorney General
         (James S. Gilmore, III, Attorney General;
         William H. Hurd, Deputy Attorney General;
         Siran S. Faulders, Senior Assistant Attorney
         General, on brief), for appellee.


     J.B. (appellant), a minor, appeals a decision of the Fairfax

County Circuit Court that ordered the Department of Social

Services (agency) to enter a finding of "founded" in a sexual

abuse complaint against appellant.  Appellant contends (1) the

agency violated Code § 63.1-248.6(D)(7)[1] when it made a

determination of founded sexual abuse, even though forty-five

days had lapsed from the receipt of the abuse complaint; and

(2) the circuit court erred in requiring appellant to show the

agency's failure to follow Code § 63.1-248.6(D)(7)'s procedure

---

    [1]On April 7, 1993, Code § 63.1-248.6(D) was redesignated as
Code § 63.1-248.6(E).  However, because both parties and the
trial court refer to the relevant subsection as (D), we also do
so.  This subsection was amended again in July 1994, when the
following sentence was added:  "However, upon written
justification by the local department, such determination may be
extended, not to exceed a total of sixty days[.]"

was not harmless error.  Because the trial court committed no error, we affirm its finding of founded sexual abuse.

I.

FACTS

The agency received a complaint on April 19, 1993 that appellant, the fifteen-year-old male baby sitter for a four-year-old girl, had sexually abused the girl.  Code § 63.1-248.6(D)(7) provided that upon receiving such a complaint, "the local department <u>shall</u> . . . [d]etermine within forty-five days if a report of abuse . . . is founded or unfounded." (Emphasis added).  The agency began an initial investigation, but did not make a determination of founded sexual abuse within forty-five days; instead, it delayed a decision until receiving an opinion from a therapist that the girl's account of the abuse was truthful.  On September 23, 1993, the agency made a "founded" determination.  Before the agency made this determination, appellant did not complain of any delay.

The investigation of appellant uncovered the fact that appellant was a fifteen-year-old baby-sitter who watched the four-year-old girl every night between September 1991 and July 1992.  The girl was interviewed by the local agency and a criminal investigator on April 22, 1993, during which she demonstrated how various abuse occurred with the aid of dolls. Appellant denied abusing the girl.

Appellant followed the statutory appeal process and received

2

a timely "informal conference" on November 18, 1993, and a hearing on February 1, 1994.  Appellant argued at the conference and hearing that the agency had no authority to make an abuse determination because the forty-five day period had expired.  On March 30, 1994, an agency hearing officer upheld the original abuse disposition, stating the forty-five day time limit was directory, not mandatory, because it provided no penalty for the agency's failure to process the complaint in a timely manner.

Appellant appealed the hearing officer's determination to the Circuit Court of Fairfax County.  On November 17, 1994, the trial court issued a letter opinion affirming the agency determination of founded sexual abuse.  The trial court ruled appellant failed to show, pursuant to Code § 9-6.14:17(iii),[2] that the delayed determination prejudiced him in any substantial way.

## II.

"[A]ppellant has the burden to demonstrate an error of law

_____

[2] This section states, in pertinent part:

The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court.  Such issues of law include: (i) accordance with constitutional right, power, privilege, or immunity, (ii) compliance with statutory authority, jurisdiction limitations, or right as provided in the basic laws as to subject matter, the stated objectives for which regulations may be made, and the factual showing respecting violations or entitlement in connection with case decisions; (iii) observance of required procedure where any failure therein is not mere harmless error, and (iv) the substantiality of the evidential support for findings of fact.

subject to review. Code § 9-6.14:17. We hold that appellant has failed in [his] burden[,] and we agree with the trial court's finding that the" agency did not act unlawfully in determining there was evidence to support a finding of sexual abuse. Committee of Concerned Citizens for Property Rights v. Chesapeake Bay Local Assistance Bd., 15 Va. App. 664, 667, 426 S.E.2d 499, 501 (1993). We hold the use of the word "shall" in the then-existing version of Code § 63.1-248.6(D)(7) was merely directory, not mandatory, and only affected appellant's procedural rights. Therefore, the trial court did not err in finding the agency retained jurisdiction to adjudicate the matter beyond the forty-five day period fixed by statute, in the absence of prejudice to appellant.

We are guided in our analysis by certain rules governing judicial review of agency action:

> Courts must "construe and determine compliance with the statutes governing adoption of administrative regulation irrespective of the agency's construction," and not "merely rubber-stamp an agency determination." Agency action, even when "supported by substantial evidence," must be set aside if judicial review reveals a failure "to observe the required procedures or to comply with statutory authority."

Environmental Defense Fund, Inc. v. Virginia State Water Control Bd., 15 Va. App. 271, 278, 422 S.E.2d 608, 612 (1992)(citations omitted). We are also guided by certain rules of construction governing the determination of the meaning of written language. "'Courts, in endeavoring to arrive at the meaning of written

4

language, whether used in a will, a contract, or a <u>statute</u>, will construe "may" and "<u>shall</u>" as permissive or mandatory in accordance with the subject matter and context.'"  <u>Ross v. Craw</u>, 231 Va. 206, 212, 343 S.E.2d 312, 316 (1986)(quoting <u>Pettus v. Hendricks</u>, 113 Va. 326, 330, 74 S.E. 191, 193 (1912))(emphases added); <u>White v. Morano</u>, 249 Va. 27, 32, 452 S.E.2d 856, 859 (1995)(holding use of word "shall" in Supreme Court Rule 5:11(d) is merely directory and not mandatory).

The Supreme Court's recent decision in <u>Jamborsky v. Baskins</u>, 247 Va. 506, 442 S.E.2d 636 (1994), which applied the above rules, further directs the outcome of this case.  <u>Jamborsky</u> leads us to conclude the requirements of Code § 63.1-248.6 are procedural in nature.  <u>See also</u> <u>Jackson</u>, 19 Va. App. at 634, 454 S.E.2d at 26 (describing Code § 63.1-248.6(D)'s "step-by-step process for the investigation of cases of abuse and neglect").  In <u>Jamborsky</u>, the juvenile court entered an order certifying the juvenile defendant to the circuit court for trial as an adult.  Code § 16.1-269(E)(repealed in July 1994) stated that the circuit court <u>shall</u> enter an order either remanding the case or advising the Commonwealth that it may seek an indictment within twenty-one days.  The trial court entered its order twenty-four days later, authorizing the Commonwealth to seek an indictment.  The defendant moved to quash the indictment, arguing the circuit court lacked jurisdiction to hear the case because it had not entered its order within the period specified in Code

5

§ 16.1-269(E).

The Supreme Court held the trial court retained jurisdiction over the case. First, the Court reasoned Code § 16.1-269(E)'s use of the word "shall" imposed only a <u>procedural</u> requirement. "The procedural nature of this requirement is underscored by this Court's repeated holding that the use of 'shall,' in a statute requiring action by a public official, is <u>directory</u> and not mandatory unless the statute manifests a contrary intent." <u>Jamborsky</u>, 247 Va. at 511, 442 S.E.2d at 638 (emphasis added). The Court also stated, "'a statute directing the mode of proceeding by public officers is to be deemed directory, and a precise compliance is not to be deemed essential to the validity of the proceedings, unless so declared by statute.'" <u>Id.</u> (citations omitted).

We follow <u>Jamborsky</u>'s reasoning in this case and hold the use of the word "shall" in the version of Code § 63.1-248.6(D)(7) in force at the time was directory and affected appellant's <u>procedural</u>, not substantive, rights. Thus, we find the harmless error analysis employed in <u>Jamborsky</u> in finding none of the defendant's rights was infringed as a result of the delay in the circuit court's assumption of jurisdiction over the charges is applicable here. <u>See</u> <u>id.</u> at 511, 442 S.E.2d at 638.

Second, the Virginia Administrative Process Act, Code § 9-6.14:17(iii), specifically provides a reviewing court with the appropriate standard of review for matters of procedure.

6

Code § 9-6.14:17(iii) states the party seeking review of required agency procedure must demonstrate such failure was not mere harmless error. In this case, appellant points to no infringement of his rights, other than claiming his reputation was tainted for a needlessly prolonged time period. Despite appellant's assertions, the trial court specifically found the agency "delayed its action here in order to test the [victim's] veracity and thus avoid a premature, and possibly erroneous, finding against the appellant." In this case, "[o]ur decision [to affirm the trial court's ruling] is [guided by] the uncontroverted fact that [appellant] did not suffer any prejudice as a result of the delay in the entry of the [agency finding]." Id. at 511, 442 S.E.2d at 639; see Ford Motor Co. v. Courtesy Motors, Inc., 237 Va. 187, 190, 375 S.E.2d 362, 364 (1989)(applying Code § 9-6.14:17's harmless error standard to administrative proceeding); North v. Landmark Communications, Inc., 17 Va. App. 639, 643, 440 S.E.2d 156, 158 (1994)("When failure to comply with the rule is harmless, the commission does not err by refusing to set aside its decision for noncompliance"); Committee of Concerned Citizens for Property Rights v. Chesapeake Bay Local Assistance Bd., 15 Va. App. 664, 426 S.E.2d 499 (1993)(holding approval by the governor of certain emergency regulations after, rather than prior, to adoption was de minimis, harmless error, and procedural directives were still substantially complied with).

7

Accordingly, we affirm the agency's determination of founded sexual abuse.

Affirmed.