COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


JEROME EVANS

v.          Record No. 0870-95-2     MEMORANDUM OPINION[*] BY
                                      JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                   APRIL 2, 1996


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Walter W. Stout, III, Judge

            Cullen D. Seltzer, Assistant Public Defender
            (David J. Johnson, Public Defender, on
            brief), for appellant.

            Steven A. Witmer, Assistant Attorney General
                 (James S. Gilmore, III, Attorney
            General, on    brief), for appellee.


     Jerome Evans (defendant) was convicted by a jury for

statutory burglary.  During the sentencing phase of a bifurcated

trial, the court permitted the Commonwealth to introduce evidence

of defendant's prior larceny conviction.  Defendant complains on

appeal that the Commonwealth failed to comply with Code

§ 19.2-295.1, thereby rendering such evidence inadmissible.  We

disagree and affirm the judgment of the trial court.

     The parties are fully conversant with the record, and we

recite only those facts necessary to a disposition of this

appeal.

     The relevant procedural history is uncontroverted.  The

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

Commonwealth offered into evidence "defendant's prior criminal convictions by certified . . . copies of the record of conviction" pursuant to Code § 19.2-295.1.[1]  Defendant objected to the introduction of a certain record of conviction for larceny, arguing that the Commonwealth had previously provided defendant with only a copy of the "front side" of the related "warrant of arrest," rather than a certified copy of the "criminal conviction" in accordance with Code § 19.2-295.1.[2]  The trial court, however, admitted the evidence, concluding that the "warrant of arrest" provided defendant sufficient "notice . . . that it was a conviction."

At the time of trial, Code 19.2-295.1 provided in pertinent part:

> The Commonwealth <u>shall</u> provide to the defendant fourteen days prior to trial <u>photocopies of certified copies of the defendant's prior criminal convictions</u> which it intends to introduce at sentencing.

(Emphases added).  This statute "does not convey a substantive right" and is "[p]rocedural in nature."  <u>Riley v. Commonwealth</u>, 21 Va. App. 330, 337-38, 464 S.E.2d 508, 511 (1995); <u>see</u> <u>J.B. v.</u>

---

[1]Following defendant's trial, Code § 19.2-295.1 was amended to require the Commonwealth to provide defendant "notice of its intention to introduce evidence of the defendant's prior criminal convictions" and prescribes the form and content of such notice.

[2]The conviction was noted on the back of the warrant.

<u>Brunty</u>, 21 Va. App. 300, 303–05, 464 S.E.2d 166, 168–69 (1995). Thus, the applicable language of Code § 19.2–295.1 was merely directory and "'precise compliance [was] not . . . essential to the validity of the proceedings . . . .'" <u>Commonwealth v. Rafferty</u>, 241 Va. 319, 324, 402 S.E.2d 17, 20 (1991) (citation omitted); <u>see</u> <u>Cheeks v. Commonwealth</u>, 20 Va. App. 578, 582, 459 S.E.2d 107, 109 (1995).

Here, the defendant received a photocopy of the front side of the "warrant for arrest" relating to the conviction in issue. While this portion of the warrant did not reflect the conviction, defendant was clearly notified of the Commonwealth's intention to introduce such evidence during the sentencing phase of trial. Thus, the Commonwealth's failure to precisely comply with the procedural requirements of Code § 19.2–295.1 violated no substantive right and resulted in no prejudice to defendant.

Accordingly, we find that the trial court correctly admitted evidence of the prior larceny conviction and affirm the judgment.

<u>Affirmed.</u>