# *VIRGINIA:*

In the Court of Appeals of Virginia on **Tuesday** the **8th** day of **June, 2010.**

Rod Freeman Hobbs, Appellant,

against          Record No. 0821-09-1
                     Circuit Court No. CL08-3345

Anthony Conyers, Commissioner,
   Virginia Department of Social Services, Appellee.

Upon a Rehearing En Banc

Before Chief Judge Felton, Judges Elder, Frank, Humphreys, Kelsey, McClanahan,
Haley, Petty, Beales, Powell and Alston

James O. Broccoletti (Zoby & Broccoletti, P. C., on brief), for
appellant.

Cheryl A. Wilkerson, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General; David E. Johnson, Deputy
Attorney General; Kim F. Piner, Senior Assistant Attorney General, on
brief), for appellee.

In an unpublished memorandum opinion issued January 26, 2010, a majority of a panel of this

Court reversed the judgment of the Circuit Court of the City of Virginia Beach, in which the trial court

affirmed the administrative finding of the Virginia Department of Social Services that appellant sexually

abused his stepdaughter. The Department's specific disposition was "Founded-Sexual Abuse-Level 1."

On the Department's motion, we stayed the mandate of the panel decision and granted rehearing en

banc. Upon rehearing, the January 26, 2010 majority panel decision is withdrawn, the mandate entered

on that date is vacated, and we affirm the judgment of the trial court for the reasons stated in the panel's

dissenting opinion. The appellant shall pay to the appellee thirty dollars damages.

Judges Elder, Frank, and Humphreys would reverse the judgment of the trial court for the reasons stated in the majority panel decision.

This order shall be certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By: *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk

# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **2nd** *day of* **March, 2010**.

Rod Freeman Hobbs,                                                                                    Appellant,

  against         Record No. 0821-09-1
                    Circuit Court No. CL08-3345

Anthony Conyers, Commissioner,
  Virginia Department of Social Services,                                                       Appellee.

Upon a Petition for Rehearing En Banc

Before the Full Court

On February 9, 2010 came the appellee, by the Attorney General of Virginia, and filed a petition requesting that the Court set aside the judgment rendered herein on January 26, 2010, and grant a rehearing *en banc* on the issue(s) raised in the petition.

On consideration whereof, the petition for rehearing *en banc* is granted with regard to the issue(s) raised therein, the mandate entered herein on January 26, 2010 is stayed pending the decision of the Court *en banc*, and the appeal is reinstated on the docket of this Court.

Notwithstanding the provisions of Rule 5A:35, the following briefing schedule hereby is established:  Appellant shall file an opening brief upon rehearing *en banc* within 21 days of the date of entry of this order; appellee shall file an appellee's brief upon rehearing *en banc* within 14 days of the date on which the opening brief is filed; and appellant may file a reply brief upon rehearing *en banc* within 14 days of the date on which the appellee's brief is filed.  The appellant shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter.  It is further ordered that the appellee shall file twelve additional copies of the appendix previously filed in this case.  In addition, any party represented by counsel shall file twelve

electronic copies of their brief (and the appendix, if the party filing the appendix is represented by

counsel) with the clerk of this Court. The electronic copies must be filed on twelve separate CDs or

DVDs and must be filed in Adobe Acrobat Portable Document Format (PDF).[1]


A Copy,

Teste:

Cynthia L. McCoy, Clerk

By: *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk

---

[1] The guidelines for the creation and submission of a digital brief package can be found at www.courts.state.va.us, in the Court of Appeals section under "Resources and Reference Materials."

Present:    Judges Humphreys, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


ROD FREEMAN HOBBS

MEMORANDUM OPINION[*] BY
v.       Record No. 0821-09-1                    JUDGE JERE M.H. WILLIS, JR.
                                                JANUARY 26, 2010

ANTHONY CONYERS, COMMISSIONER
 VIRGINIA DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Frederick B. Lowe, Judge

James O. Broccoletti (Zoby & Broccoletti, P.C., on brief), for
appellant.

Cheryl A. Wilkerson, Senior Assistant Attorney General (William C.
Mims, Attorney General; David E. Johnson, Deputy Attorney
General; Kim F. Piner, Senior Assistant Attorney General, on brief),
for appellee.


Rod Freeman Hobbs (Hobbs) appeals the judgment of the trial court affirming a disposition

of Founded-Sexual Abuse-Level 1 lodged against him by the Virginia Department of Social

Services.  He argues that the trial court erred in holding that the failure of the local agency

investigator to tape record two interviews with the alleged victim, in violation of the requirements of

22 VAC 40-705-80(B)(1), was harmless error.  Finding the failure not to be harmless, we reverse

the judgment of the trial court and order the sexual abuse finding set aside and vacated.

BACKGROUND

On November 27, 2006, the Virginia Beach Department of Human Services received a

Child Protective Services (CPS) complaint against Hobbs, alleging that he had sexually abused his

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

stepdaughter (the child). On November 28, 2006, a CPS worker and a Virginia Beach Police Department detective jointly interviewed the child at school. This interview was not recorded. The CPS worker and the detective conducted a follow-up interview on November 30, 2006. Again, the interview was not recorded. On December 8, 2006, the child was interviewed at the Child Abuse Center of the Children's Hospital of the King's Daughters. This interview was recorded.

The CPS worker's report stated that the first two interviews were not recorded "due to the presence of law enforcement. Tape recording may compromise the criminal investigation."

On January 30, 2007, the CPS worker entered a founded disposition of abuse. She based this determination, in part, on the two unrecorded interviews.

Based on the same allegations, criminal charges were brought against Hobbs. On March 21, 2007, he was acquitted of those charges.

On January 8, 2008, following a local conference, a hearing officer for the City of Virginia Beach Department of Human Services upheld the founded disposition of Sexual Abuse-Level 1. Hobbs appealed. On March 19, 2008, an administrative hearing was held before Nicholas R. Foster, a hearing officer for the Commissioner of the Virginia Department of Social Services. Foster held that the CPS worker's failure to record the child's first two interviews violated the Virginia Administrative Code, but that this failure did not prejudice Hobbs. Foster stated, "As to the assertion that the worker may have led or otherwise influenced [the child's] statements, [the child] is clear in her forensic interview that the substance of the statements were her own, making that assertion pure conjecture." On May 2, 2008, Foster entered an order sustaining the disposition of Sexual Abuse-Level 1. Hobbs appealed to the trial court.

On April 1, 2009, the trial court affirmed the disposition and dismissed Hobbs' appeal. It held that the failure to record the child's first two interviews was harmless error and that "substantial evidence in the record [supports] the May 2, 2008 decision of the Commissioner."

ANALYSIS

Hobbs contends the trial court erred in dismissing his appeal and finding that the failure to record the first two interviews with the child was harmless error.

"Judicial review of a child protective services founded disposition of child abuse is governed by the Administrative Process Act (APA), codified at Code §§ 2.2-4000 to 2.2-4033. See Code § 63.2-1526(B). Accordingly, 'the burden is upon the appealing party to demonstrate error.'" Jones v. West, 46 Va. App. 309, 322-23, 616 S.E.2d 790, 797 (2005) (quoting Carter v. Gordon, 28 Va. App. 133, 141, 502 S.E.2d 697, 700-01 (1998)).

22 VAC 40-705-80(B)(1) provides:

> 1. The child protective services worker shall conduct a face-to-face interview with and observation of the alleged victim child and siblings. All interviews with alleged victim children must be electronically recorded except when the child protective services worker determines that:
>
> a. The child's safety may be endangered by electronically recording his statement;
>
> b. The age and/or developmental capacity of the child makes electronic recording impractical;
>
> c. A child refuses to participate in the interview if electronic recording occurs; or
>
> d. In the context of a team investigation with law-enforcement personnel, the team or team leader determines that audio taping is not appropriate.
>
> e. The victim provided new information as part of a family assessment and it would be detrimental to reinterview the victim and the child protective services worker provides a detailed narrative of the interview in the investigation record.

The CPS worker failed to record the child's first two interviews, in violation of this requirement. Furthermore, a "child protective services worker shall document in detail in the record and discuss with supervisory personnel the basis for a decision not to electronically record an

interview with the alleged victim child." Id. The CPS worker did not "document in detail" why the first two interviews were not recorded and did not obtain supervisory approval.

Both the Commissioner and the trial court held that the failure to record the first two interviews was error. Neither party contests this holding. Hobbs contends the trial court erred in holding that the CPS worker's failure to record the interviews was harmless.

"[A] party seeking relief from a founded disposition of abuse on grounds that the local department failed to comply with required procedure 'must demonstrate such failure was not mere harmless error.'" West, 46 Va. App. at 326-27, 616 S.E.2d at 799 (quoting J.B. v. Brunty, 21 Va. App. 300, 305, 464 S.E.2d 166, 169 (1995)). "If the party seeking relief satisfies that burden, the reviewing court 'shall suspend or set [the case decision] aside.'" Id. at 327, 616 S.E.2d at 799 (quoting Code § 2.2-4029).

"[P]rocedural violations that 'could have had a significant impact on the ultimate decision so as to undermine the "substantiality of the evidential support" for the factual findings' are not mere harmless error." Id. (quoting Virginia Board of Medicine v. Fetta, 244 Va. 276, 283, 421 S.E.2d 410, 414 (1992)). See Virginia Retirement System v. Cirillo, 54 Va. App. 193, 202, 676 S.E.2d 368, 373 (2009) ("under the doctrine of harmless error, we will affirm the circuit court's judgment when we can conclude that the error at issue could not have affected the court's result") (citations omitted).

The Commissioner argues that the recorded interview renders harmless any procedural error resulting from the failure to tape the first two interviews. He notes that, unlike in West, the hearing officer was able to consider the child's recorded interview and her sworn testimony in the criminal proceedings. The hearing officer noted inconsistencies in the child's recorded accounts and between her recorded accounts and some details of the CPS worker's report of what she initially said. However, the hearing officer stated, "Having read the interview

summaries and transcripts and having viewed the forensic interview tape, I cannot find that these perceived inconsistencies substantially impair [the child's] credibility." On this basis, the hearing officer found the recorded interview credible and reliable.

Had the first two interviews been recorded, Hobbs and the hearing officer would have heard the questions asked and the child's responses. The hearing officer would have had before him direct evidence of the inconsistencies in the child's versions of events, of the conflicts in her accounts of the details, such as when and where the alleged incidents occurred, and the variation in terms she used, suggesting influence or coaching. The CPS worker's report of where the child said some of the events occurred varied from the child's recorded account and testimony. As in West, the hearing officer was limited to the CPS worker's "indirect evidence, based on her recall and interpretation, of what was said at the interview." West, 46 Va. App. at 330, 616 S.E.2d at 801.

The purpose of the regulation is to provide direct evidence of the child's account, not a secondhand report from the interviewer. If the child's first statements differed significantly from her recorded interview, they "could have had a significant impact on the ultimate decision." Id. at 327, 616 S.E.2d at 799. The hearing officer and the Commissioner depended on the CPS worker's reports of the child's statements. The regulation is designed to prevent that dependency.

Accordingly, we hold that the failure to record the two interviews was not mere harmless error. The founded disposition of sexual abuse must be set aside. See Code § 2.2-4029.

## CONCLUSION

We reverse the judgment of the trial court and remand this case to the trial court for remand to the Commissioner with instructions to set aside and vacate the finding of sexual abuse.

Reversed and remanded.

- 5 -

McClanahan, J., dissenting.

The majority acknowledges that Hobbs, as the "party seeking relief from a founded disposition of abuse on grounds that the local department failed to comply with required procedure[,] 'must demonstrate such failure was not mere harmless error.'" Jones v. West, 46 Va. App. 309, 326-27, 616 S.E.2d 790, 799 (2005) (quoting J.B. v. Brunty, 21 Va. App. 300, 305, 464 S.E.2d 166, 169 (1995)). I do not believe Hobbs has carried this burden. Accordingly, I would affirm the circuit court in its determination that the failure of the Virginia Beach Department of Social Services (DSS) to record the first two interviews with the victim, K.D., in violation of 22 VAC 40-705-80(B)(1), was harmless error.[2]

The majority bases its decision on West, where this Court held that the local department's decision not to tape record its interview with the alleged fourteen-year-old victim of sexual abuse, in violation of the regulation, "was not mere harmless error," and thus set aside the founded disposition of sexual abuse. West, 46 Va. App. at 331, 616 S.E.2d at 802. The West Court reached that decision upon concluding that the failure to tape record the interview "could have had a significant impact on the ultimate decision so as to undermine the substantiality of the evidential support for the factual findings." Id. (citation and internal quotation marks omitted). The facts in the instant case, however, are materially distinguishable from those in West.

In West, the local social worker and police detective, who jointly investigated the complaint against the suspect, West, conducted only the one interview with the purported victim, S.J. Because the interview was unrecorded, the hearing officer, who presided over West's appeal

---

[2] More specifically, the circuit court, upon reviewing "the agency record and the arguments asserted by counsel," ruled in its final order that "the absence of a recording of the initial two interviews of the child was harmless error, and, further, . . . there is substantial evidence in the agency record to support the May 2, 2008 decision of [the DSS hearing officer]." The court thus affirmed the May 2, 2008 decision and dismissed Hobbs' petition for appeal.

of the department's "founded" disposition of sexual abuse, was limited to the department's presentation of the social worker's testimony and written account of the interview with S.J.

Here, by contrast, the hearing officer had the benefit of not only the investigating social worker's testimony and written account of the two initial interviews with K.D., but also a videotape recording of a third, extensive forensic interview of K.D. conducted at the Child Abuse Center of the Children's Hospital of the King's Daughters. In light of this videotaped evidence, the hearing officer found that "[a]s to [Hobbs'] assertion that the [social] worker may have led or otherwise influenced [K.D.'s] statements, [K.D.] is clear in her forensic interview that the substance of her statements were her own, making that assertion pure conjecture." The hearing officer then further explained, "The crux of the agency's case is clearly the credibility and consistency of [K.D.'s] statements. The Appellant [Hobbs] contends that [K.D.'s] statements are inconsistent over time and that her statements to the worker, the forensic interview, and at trial, vary in substantial ways." "Having read the interview summaries and transcripts and having viewed the forensic interview tape," the hearing officer concluded, "I cannot find that these perceived inconsistencies substantially impair [K.D.'s] credibility. The variations in the words used to describe the incidents are *de minimis*. [K.D.] clearly recounted the actual acts of fondling and oral sodomy and the salient details remained consistent throughout."

The instant case is also distinguishable from West in another significant way. In West, West disputed very little of S.J.'s claims regarding his touching of her at various times. Rather, he asserted in his defense that, when he did touch her as she alleged, he lacked the requisite "'intent to sexually molest, arouse or gratify'" because the touching was in a "'playful and friendly' manner." Id. at 314, 616 S.E.2d at 793. Thus, the West Court reasoned:

> The absence of a tape recording of S.J.'s interview [was]
> particularly critical in [that] case because, given the close,

> grandfather-granddaughter-type relationship West and S.J. had, the meaning and import of S.J.'s statements about West touching her genitals, breasts, and buttocks were susceptible to more than one plausible interpretation and necessarily turned on the subtle nuances of those statements and the conduct they described. Indeed, slight nuances in the inflection or context of the words spoken by S.J. could substantially change the meaning of statements that directly impacted the question of whether West had the requisite intent. . . . It was essential, therefore, for the hearing officer to have access to the precise substance of S.J.'s statements.

Id. at 329-30, 616 S.E.2d at 801.

In this case, unlike West, the only dispute is whether Hobbs fondled and performed oral sodomy on K.D.—not a question of intent purportedly surrounding an innocent, affectionate familial relationship. As such, there are no relevant "nuances" in K.D.'s and Hobbs' respective accounts of what occurred between them. In his interview with the social worker and the police investigator, and in his testimony at the agency hearing, Hobbs denied that he engaged in any of the acts of fondling and oral sodomy that K.D. described in her interviews. Therefore, it was not "essential" for the hearing officer in this case to have access to K.D.'s precise statements in her two interviews preceding her videotaped interview, as the import of those statements did not turn on "subtle nuances." Id.

We have authority to "reject agency factfinding 'only if, considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion.'" Citland, Ltd. v. Commonwealth, 45 Va. App. 268, 274-75, 610 S.E.2d 321, 324 (2005) (quoting Mattaponi Indian Tribe v. Commonwealth, 43 Va. App. 690, 706, 601 S.E.2d 667, 675 (2004)) (emphasis in original). "This standard is designed 'to give great stability and finality to the fact-finding process of the administrative agency.'" Atkinson v. Virginia ABC Comm'n, 1 Va. App. 172, 176, 336 S.E.2d 527, 530 (1985) (quoting Virginia Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983)). Based on this standard of review, I do not believe this Court can hold, on the record here presented, that a reasonable hearing officer would necessarily have

- 8 -

concluded that DSS's procedural failure to record K.D.'s first two interviews was not harmless error.

      For these reasons, I respectfully dissent.