COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Ortiz, Friedman and White
Argued at Richmond, Virginia


MOLLY PETTY, ET AL.

v.      Record No. 0928-23-3

VIRGINIA DEPARTMENT OF
  ENVIRONMENTAL QUALITY, ET AL.                    MEMORANDUM OPINION[*] BY
                                                  JUDGE DANIEL E. ORTIZ
JEFFREY SCOTT, ET AL.                             SEPTEMBER 10, 2024

v.      Record No. 0929-23-3

VIRGINIA DEPARTMENT OF
  ENVIRONMENTAL QUALITY, ET AL.


FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
Joel R. Branscom, Judge

Evan D. Mayo (Tremblay & Smith, PLLC, on brief), for appellants.

Katherine E. Kulbok, Assistant Attorney General (Jason S. Miyares,
Attorney General; Charles H. Slemp III, Chief Deputy Attorney
General; Leslie A.T. Haley, Deputy Attorney General; A. Ross
Phillips, Senior Assistant Attorney General & Section Chief, on
brief), for appellee Virginia Department of Environmental Quality.

Robert W. Loftin (John J. Woolard; Juliet B. Clark; McGuireWoods
LLP, on brief), for appellee Rocky Forge Wind, LLC.


This appeal is a consolidation of two matters concerning the Virginia Department of

Environmental Quality's ("DEQ") granting of Rocky Forge Wind, LLC's modification of its

wind power facility permit. DEQ had previously granted Rocky Forge's initial permit to

construct a wind power facility. When Rocky Forge applied to modify its initial permit, DEQ

---

[*] This opinion is not designated for publication. See Code § 17.1-413(A).

and Rocky Forge failed to make publicly available all documentation from the initial permit application during the public comment period. In the first matter, CL20-1199,[1] the circuit court found that this failure was a procedural error. Because the court could not determine whether this procedural error was harmless, it instructed DEQ to conduct a second public comment period that included all documentation from the initial permit. In the second matter, CL22-521,[2] the circuit court found no error in the second public comment period. Appellants, a group of landowners that neighbor the project site,[3] appeal these findings on several grounds. We conclude that (1) the circuit court did not err by deferring to DEQ's interpretation of 9 VAC 15-40-100(B) because the statute's language is ambiguous and DEQ has wide discretion over permit by rule ("PBR") modifications; (2) appellants' second assignment of error is partially waived, under Rule 5A:20, and moot because DEQ's second public comment period corrected the claimed error; (3) the court did not err by addressing both matters in the April 7, 2023 hearing and closing both matters based on this hearing because the two matters are so interlinked; (4) the court was correct in reviewing the alleged errors under the procedural standard of review as they are procedural; and (5) the court did not abuse its discretion by declining to reconsider several of appellants' arguments. We affirm the circuit court's rulings.

BACKGROUND

Under Code §§ 10.1-1197.6 to 10.1-1197.11, the General Assembly directed DEQ to develop PBR regulations for small renewable energy projects that generate 150 megawatts of

---

[1] On appeal, this is matter 0928-23-3.

[2] On appeal, this is matter 0929-23-3.

[3] Though both appeals are brought by neighboring landowners, the parties in each case are not identical. Virginians for Responsible Energy was originally a petitioner in CL20-1199 but withdrew as it was unclear whether the organization had standing. Jason Fender also withdrew as a petitioner in CL20-1199 and did not join the petition for CL22-521. Robert Hundley joined in the petition for CL20-1199 but did not join in the petition for CL22-521.

electricity or less. Code § 10.1-1197.6 instructed DEQ that "[t]he conditions for issuance of the permit by rule for small renewable energy projects shall include" 14 requirements. Following this, DEQ issued wind PBR regulations. *See* 9 VAC 15-40-10 to 9 VAC 15-40-140. The regulations at 9 VAC 15-40-30 lay out the fourteen requirements from Code § 10.1-1197.6 and add a fifteenth requirement that the applicant pay a fee to DEQ.

In 2016, Rocky Forge, whose ultimate parent company is Apex Clean Energy, Inc., submitted to DEQ a permit request for a wind power facility on the southernmost portion of North Mountain in Botetourt County. The following year, DEQ authorized the permit. This initial permit was not challenged by appellants.

Roughly three years later, Rocky Forge applied for a permit modification. The permit modification increased the height of each wind turbine from 550 feet to 680 feet, reduced the number of wind turbines from 25 to 22, and reduced the project site from 200 acres to 120 acres. Rocky Forge did not resubmit all the documentation that it had already provided to DEQ for the initial permit application. But Rocky Forge did update several of the documents it had previously submitted. DEQ approved the permit modification application.

Appellants filed a petition in matter CL20-1199. They argued that 9 VAC 15-40-100(B) required Rocky Forge to resubmit all documentation from the initial permit application in its permit modification application. In its May 31, 2022 order, the circuit court found that "DEQ's interpretation and application of 9 VAC § 15-40-100(B)" to not require a resubmittal was "not erroneous and is entitled to deference" and concluded that the modification was valid. The court further stated that Rocky Forge's failure to include materials from the initial permit application for public comment "was a procedural error." But "based on the record filed in this case, the [c]ourt [wa]s unable to determine whether this procedural error was harmless." Therefore, the circuit court remanded the case "to DEQ so that the materials from the original 2017 PBR

- 3 -

application w[ould] be made available for public comment pursuant to 9 VAC § 15-40-90 along with the materials that were made available for public comment with the [m]odification [a]pplication."

Appellants appealed this order. This Court dismissed the appeal, holding that the May 31 circuit court order was interlocutory. Following the circuit court's order, Rocky Forge held a second public comment period and public meeting that included the application materials from the initial permit. After receiving and reviewing the required documentation, DEQ affirmed the permit modification.

Appellants, in the separate action CL22-521, argued that the permit modification was still improper. The circuit court, in its April 28, 2023 order, affirmed DEQ's decision to approve the permit modification and issued a final order in both CL20-1199 and CL22-521. The court held that DEQ correctly determined that Rocky Forge complied with the statutory public notice, public participation, and public comment requirements and that "[a]lternatively, to the extent that DEQ has committed any error, such error was harmless." This appeal in both matters follows.

ANALYSIS

We first analyze whether the term "new documentation required under 9VAC15-40-30" in 9 VAC 15-40-100 is ambiguous. Because we find that the term is ambiguous, and the General Assembly granted DEQ wide discretion over PBR regulations, we defer to DEQ's interpretation of the term. Next, we examine appellants' second assignment of error and find it is partially waived under Rule 5A:20. So we narrowly construe the assignment of error as only alleging the circuit court erred by finding DEQ failed to adhere to the public comment requirements. As DEQ corrected this error on remand, the second assignment of error is moot. We then reject appellants' argument that the April 7, 2023 hearing was not for both matters, and thus the court's decision to resolve both matters did not violate their notice or due process rights. Then, we

analyze if the court applied the procedural standard of review to the alleged errors, and assuming it did, find this was correct because the alleged errors were procedural. Lastly, we find that the court did not abuse its discretion when it refused to reconsider appellants' previously argued claims.

## I. Interpretation of 9 VAC 15-40-100(B)

Appellants assert that the phrase "new documentation required under 9VAC15-40-30" in 9 VAC 15-40-100(B) is not ambiguous and that the circuit court erred in deferring to DEQ's interpretation of the phrase. "On appeal of agency action under the [Virginia Administrative Process Act ('VAPA')], the party complaining bears the 'burden of demonstrat[ing] an error . . . subject to review.'" *Gaines v. Dep't of Hous. & Cmty. Dev.*, 71 Va. App. 385, 389 (2020) (alterations in original) (quoting *Va. Bd. of Med. v. Hagmann*, 67 Va. App. 488, 499 (2017)). "In a VAPA appeal, the circuit court functions as an appellate court, 'equivalent to an appellate court's role in an appeal from a trial court.'" *Id.* (quoting *Comm'r v. Fulton*, 55 Va. App. 69, 80 (2009)). The reviewing court "may examine the agency decision for '(i) accordance with constitutional right,' '(ii) compliance with statutory authority,' '(iii) observance of required procedures where any failure therein is not mere harmless error, and (iv) the substantiality of the evidentiary support for findings of fact.'" *Hagmann*, 67 Va. App. at 499 (quoting Code § 2.2-4027).

At issue in this appeal is the following phrase in statute 9 VAC 15-40-100(B):

> Project modifications. Provided project modifications are in accordance with the requirements of this permit by rule and do not increase the rated capacity of the small wind energy project, the owner or operator of a project authorized under a permit by rule may modify its design or operation or both by furnishing to the department new certificates prepared by a professional engineer, *new documentation required under 9VAC15-40-30*, and the appropriate fee in accordance with 9VAC15-40-110. The

> department shall review the received modification submittal in accordance with the provisions of subsection B of 9VAC15-40-30.

(Emphasis added).

A. *The language "new documentation required under 9VAC15-40-30" is ambiguous.*

Appellants argue that the term "new documentation required under 9VAC15-40-30" is not ambiguous. "Where a regulation is unambiguous, we will interpret it according to its plain language." *Corp. Exec. Bd. Co. v. Va. Dep't of Taxation*, 297 Va. 57, 75-76 (2019). But where a regulation is ambiguous, we generally give deference to and affirm the agency's interpretation of the regulation. *Mathews v. PHH Mortg. Corp.*, 283 Va. 723, 739 (2012) ("[D]eference is warranted only when the language of the regulation is ambiguous." (quoting *Christensen v. Harris County*, 529 U.S. 576, 588 (2000))).

"[T]o determine whether language is ambiguous, we must consider whether the text can be understood in more than one way or refers to two or more things simultaneously or whether the language is difficult to comprehend, is of doubtful import, or lacks clearness or definiteness." *Karr v. Va. Dep't of Env't Quality*, 66 Va. App. 507, 522-23 (2016) (quoting *Blake v. Commonwealth*, 288 Va. 375, 381 (2014)). The circuit court did not explicitly state whether the statutory language is ambiguous in its order. But the court's finding that "DEQ's interpretation is not erroneous and is entitled to deference" necessarily relies on the court finding this language ambiguous. *Corp. Exec. Bd. Co.*, 297 Va. at 75-76.

Appellants argue that the plain meaning of the term "new documentation required under 9VAC15-40-30" "is current, revised versions of the package of documents initially submitted to procure the permit by rule." They assert that the term means a modification applicant must submit new documentation affected by the modification and resubmit all nonaffected documents previously submitted for the initial permit application. But we conclude that we can interpret the term two different ways. First, it could mean that a permit seeker must submit updated versions

of all documents previously submitted in the initial permit application. Second, it could mean—as DEQ argues—that a permit seeker merely needs to submit updated versions of documents impacted by the modification. We therefore agree with the circuit court that the language is ambiguous.

B. *The agency's interpretation of 9 VAC 15-40-100(B) receives deference.*

We next consider appellants' claim that even if the language is ambiguous, DEQ's interpretation is not entitled to deference. "[W]hen the appellant challenges a judgment call on a topic on which 'the agency has been entrusted with wide discretion by the General Assembly,' we will overturn the decision only if it can be fairly characterized as 'arbitrary or capricious' and thus a 'clear abuse of delegated discretion.'" *PharmaCann Va., LLC v. Va. Bd. of Pharmacy*, 77 Va. App. 208, 220 (2023) (quoting *Citland, Ltd. v. Commonwealth ex rel. Kilgore*, 45 Va. App. 268, 275 (2005)). "An agency decision is arbitrary or capricious 'when it is "willful and unreasonable" and taken "without consideration or in disregard of facts or law or without determining principle," or when the deciding body "departed from the appropriate standard in making its decision."'" *Id.* (quoting *New Age Care, LLC v. Juran*, 71 Va. App. 407, 428 (2020)). "We also afford great deference to an agency's interpretation and application of its own regulations." *Id.*

Here, DEQ made an interpretation—i.e., a judgment call—that, under 9 VAC 15-40-100(B), an applicant seeking a modification permit need only submit documentation impacted by the modification. This judgment call is entitled to deference if the General Assembly granted DEQ wide discretion over PBR regulations. The General Assembly charged DEQ with several purposes, including "[t]o coordinate permit review and issuance procedures to protect all aspects of Virginia's environment" and "[t]o further environmental justice and enhance public participation in the regulatory and permitting process." Code § 10.1-1183. In

Code § 10.1-1197.6(A), the General Assembly directed DEQ to issue PBR regulations if DEQ determines "that one or more such permits by rule are necessary for the construction and operation of small renewable energy projects, *including such conditions and standards necessary to protect the Commonwealth's natural resources.*" (Emphasis added). Given this, we find that the General Assembly entrusted DEQ with wide discretion over PBR regulations.

The General Assembly, however, did not grant DEQ completely unfettered authority to promulgate PBR regulations. Code § 10.1-1197.6(B) states that the "conditions for issuance of the permit by rule for small renewable energy projects shall include" 14 listed requirements. DEQ adhered to this directive and issued 9 VAC 15-40-30, which mirrors the 14 requirements in Code § 10.1-1197.6(B) and imposes an additional fee requirement. *Compare* Code § 10.1-1197.6(B), *with* 9 VAC 15-40-30. This Court has found that the General Assembly unequivocally directed DEQ to use its discretion in terms of two of these requirements.[4] So while DEQ's authority over PBR regulations is bounded by the General Assembly, the agency was still granted great authority within these bounds.

In terms of permit modifications, the General Assembly imposed even fewer constraints on DEQ's discretion. The General Assembly only instructed DEQ that "[a]fter the effective date of regulations adopted pursuant to this section, no person shall erect, construct, *materially modify* or operate a small renewable energy project except in accordance with this article." Code § 10.1-1197.6(G) (emphasis added). In light of this direction, DEQ did not act outside its delegated authority over PBR modifications.

---

[4] In *Karr*, we found that the phrase "where relevant" in Code § 10.1-1197.6(B)(7) demonstrated that the General Assembly entrusted DEQ to determine "a subset of any wildlife likely to be impacted by the project." 66 Va. App. at 527. We further found that Code § 10-1197.6(B)(8) "expressly confers upon DEQ the authority to determine what constitutes a significant adverse impact to wildlife." *Id.* at 529.

Appellants further assert that DEQ's interpretation is arbitrary and capricious because it creates absurd results. In other words, it appears they are arguing DEQ's interpretation is "'willful and unreasonable' and taken 'without consideration or in disregard of facts or law or without determining principle.'" *PharmaCann Va., LLC*, 77 Va. App. at 220 (quoting *New Age Care, LLC*, 71 Va. App. at 428). Appellants claim that by not including all documentation from the initial application, DEQ is preventing the public from fully participating. The public, appellants state, is unable to review the previous documents to see if they are impacted by the modification and therefore need to be updated. And appellants argue some of the documentation should have been updated because it relied on years old environmental data. The public, however, was able to access all the documents during the second public comment period. And DEQ, whose agency expertise is environmental issues and permitting, is in the best position to determine which documents need to be updated to reflect the modification. Thus, we find DEQ's interpretation is neither arbitrary or capricious or outside of its wide discretion. The circuit court did not err in deferring to DEQ's interpretation that "new documentation required under 9VAC15-40-30" means an applicant need only submit documentation changed by the requested permit modification.

## II. Appellants' Second Assignment of Error is Partially Waived and Moot

Appellant makes the following assignment of error:

> The Circuit Court erred in ruling that the DEQ's October 16, 2020, approval of the Rocky Forge permit by rule modification application that did not comply with the public comment requirements of 9VAC15-40-90 was potentially harmless and so "remained valid". Violations of the public comment requirements of 9VAC15-40-90 cannot be harmless because construction under a permit by rule is contingent on compliance with the public participation regulation. The ruling of the Court that the violation of the public comment requirements was potentially harmless is found in paragraph 12 of the May 31, 2022, Order. The right to appeal this error was preserved in the objections noted to the May 31, 2022, Order of the Circuit Court.

Rocky Forge and DEQ argue that this assignment of error is waived because it is improper. They assert it is improper because appellants only assign error to the circuit court's initial determination, in the May 31 order, that the first public comment period was "potentially harmless or harmless." They highlight that appellants failed to also assign error to the court's later determination, in the April 28 order, that the second public comment period was harmless error. *See* Rule 5A:20(c) (the brief must "list, clearly and concisely and without extraneous argument, the specific errors in the rulings below"). Additionally, we note that this assignment of error only references the pages in the record for the May 31 order and appellants' objections to this order. The assignment of error does not address the pages in the record for the April 28 order or appellants' objections to this order. *See* Rule 5A:20(c) ("exact reference to the page(s) of the record or appendix where the alleged error has been preserved in the trial court or other tribunal from which the appeal is taken must be included"). Despite this, in the body of the brief appellants claim that the court committed error in both orders. Therefore, the assignment of error does not meet the requirements of Rule 5A:20(c).

We disagree with Rocky Forge, however, that appellant's failure in their assignment of error to encapsulate the entirety of their argument means the Court should dismiss the whole assignment of error. Instead, the Court considers this argument solely as an objection to the court's determination that the procedural error was "potentially harmless or harmless." *Simmons v. Commonwealth*, 63 Va. App. 69, 75 n.4 (2014) (holding the appellant's argument that the circuit court "impermissibly rehabilitated and influenced the jurors' answers" was "waived [under Rule 5A:20] because it was not part of appellant's assignment of error" on brief yet hearing appellant's argument that the circuit court erred by not striking three jury members). But DEQ has already corrected this procedural error by holding a second public comment period with all the documentation from the initial permit application. So, we find this assignment of

error moot. *See Daily Press, Inc. v. Commonwealth*, 285 Va. 447, 452 (2013) ("Generally, a case is moot and must be dismissed when the controversy that existed between litigants has ceased to exist.").

### III. The April 7, 2023 Hearing

We now turn to appellants' challenge to the circuit court's decision to consider both matters in its April 7, 2023 hearing and to close matter CL20-1199 based on the hearing. A circuit court has "inherent authority to administer cases on its docket." *Yarbrough v. Commonwealth*, 258 Va. 347, 356 (1999). Challenges to a circuit court's management of its docket are reviewed under an abuse of discretion standard. *Shah v. Shah*, 70 Va. App. 588, 593 (2019).

Appellants argue that the circuit court erred when it ruled that the hearing on April 7 was for both matters—CL22-521 and CL20-1199—as opposed to merely for CL22-521. They further assert that the circuit court erred by closing CL20-1199 based on the hearing. Appellants state that these decisions by the circuit court deprived them of notice and due process, given that (1) the circuit court's order setting the hearing was only entered in case CL22-521, not case CL20-1199; (2) each matter had its own distinct agency record; and (3) the cases were never consolidated.

The circuit court's order setting the hearing only listed case CL22-521. But Rocky Forge's brief in opposition was filed in both case numbers, making appellants aware that both matters would be discussed at the hearing. Additionally, the transcript for the hearing lists both case numbers.[5] At the beginning of the hearing, the court stated that "this is the matter of Jeffrey Scott et al. versus Virginia Department of Environmental Quality and Rocky Forge Wind,"

---

[5] Although appellants objected, the circuit court, in an order issued on July 24, 2023, overruled appellants' request to delete case number CL20-1199 from the transcript.

which appears to be the case caption for both matters.[6] We do recognize that the court stated "matter" as opposed to "matters." Appellants point to no law and make no arguments suggesting that consolidation was necessary for the court to hear both matters in the same opinion. And they do not deny that they attempted to relitigate issues from CL20-1199 during the hearing, despite claiming they believed the hearing was only for CL22-521.

Despite some apparent procedural confusion, it strains credulity to think that appellants were unaware that both matters were to be discussed at the hearing because the two matters are so interlinked. In the first matter, the circuit court found that DEQ's failure to include the initial permit documents during the first public comment period for the permit modification was a procedural error. It was unable to determine if the procedural error was harmless. The court instructed DEQ to make the initial permit documents available during a second public comment period. Appellants appealed the court's order, but this Court found that it was a non-appealable interlocutory order. Appellants then filed a second action, challenging the second public comment process, which DEQ conducted in adherence to the court's order. The court found no error in the second public comment period. Thus, the second action was concluded, which necessarily concluded the first action. In other words, there was nothing left to address in the first matter because the alleged error in the first public comment period, in the first matter, was corrected in the second matter by the second public comment period. This necessarily concluded the first action because the second public comment period, in the second matter, corrected the alleged error in the first public comment period, in the first matter. Given the direct connection

---

[6] Appellants' opening brief lists the case caption for 0928-23-3 as *Molly Petty, et al. v. Virginia Department of Environmental Quality, et al.* and the case caption for 0929-23-3 as *Jeffrey Scott, et al. v. Virginia Department of Environmental Quality, et al.* But this difference in the case caption names is not in the pleadings below and both Scott and Petty's names were included in the case caption names in the petitions in both matters.

between the two cases, we find the court did not abuse its discretion when it held that the April 7 hearing was in both matters and closed both matters based on this hearing.

## IV. Procedural Administrative Errors

Appellants assert that the circuit court erred by applying the procedural error standard. They assert that the court should instead have applied the substantial evidence standard to Rocky Forge's errors of (1) using the initial permit site acreage instead of the modified permit site acreage in its public notice; (2) failing to speak at the public meeting; and (3) improperly responding to public comments.

"Whether the circuit court applied the proper standard of review is a question of law. We review pure questions of law de novo." *Lamar Co. v. City of Richmond*, 287 Va. 322, 325 (2014). "[T]he Virginia Administrative Process Act, Code [§ 2.2-4027], specifically provides a reviewing court with the appropriate standard of review for matters of procedure. Code [§ 2.2-4027] states the party seeking review of required agency procedure must demonstrate such failure was not mere harmless error." *J.B. v. Brunty*, 21 Va. App. 300, 305 (1995) (emphases omitted). In contrast, when a court reviews substantive administrative errors, the standard of review is "whether there was substantial evidence in the agency record to support the agency decision." Code § 2.2-4027. Thus, to determine which standard of review to apply, courts must first determine whether an agency error was substantive or procedural. "[T]he line between what is a substantive administrative error and a procedural administrative error is often hard to discern." *Va. Ret. Sys. v. Cirillo*, 54 Va. App. 193, 202 n.2 (2009). Two cases, however, guide us here.

In *J.B.*, the Department of Social Services determined a sexual abuse complaint was founded after the 45-day statutory window. 21 Va. App. at 301. The Court found the agency's

erroneous delay was procedural because the 45-day deadline was directory, as opposed to mandatory, and the delay did not impact the appellant's substantial rights. *Id.* at 303.

Next, in *Browning-Ferris Industries v. Residents Involved in Saving the Environment*, 254 Va. 278 (1997), the Supreme Court considered whether DEQ had committed a substantive or procedural error. Before issuing a permit for a solid waste management facility, DEQ failed to make an explicit determination that the facility did not pose a risk to human health or the environment as required by statute. *Id.* at 280. The Supreme Court held that this was a substantive error because "the statutory compliance issue involve[d] a substantive provision [of the statute,] which is a prerequisite to the issuance of a permit." *Id.* at 285.

Upon review, it is unclear whether the circuit court applied the procedural error standard. The court found that DEQ had not committed any "legal or factual error" in terms of the statutory public notice, participation, and comment report requirements. It then stated that in the alternative "to the extent that DEQ has committed any error, such error was harmless." Code § 2.2-4027 characterizes "observance of required procedure where any failure therein is not mere *harmless* error" as an error of law that is "subject to review by the court." (Emphasis added). Based on this, we assume without deciding that the court applied the procedural error standard of review.

First, appellants argued below that Rocky Forge's public notice was improper under 9 VAC 15-40-90(A)(1). This PBR provision requires applicants to publish a notice that "shall include: [a] brief description of the proposed project and its location, including the approximate dimensions of the site, approximate number of turbines, and approximate maximum blade-tip height." 9 VAC 15-40-90(A)(1). Rocky Forge's public notice used the initial permit site acreage of approximately 200 acres instead of the modified permit site acreage of approximately 120 acres. Like in *J.B.*, we find no evidence that appellants' substantive rights were impacted by

this alleged error. Appellants and the public still received notice with an accurate description of the project, its location, the number of turbines, and the maximum-blade tip height. Although the site acreage was not entirely accurate, it was accurate enough that appellants and the public were able to comment on the proposed project. Therefore, this error—if there was any—is procedural.

Second, appellants allege that Rocky Forge failed to meet the statutory public meeting requirements because no Rocky Forge representatives spoke or answered questions from the audience. Section 9 VAC 15-40-90(A)(2) requires an applicant's public notice to include:

> A statement that the purpose of the public participation is to acquaint the public with the technical aspects of the proposed project and how the standards and the requirements of this chapter will be met, to identify issues of concern, to facilitate communication, and to establish a dialogue between the owner or operator and persons who may be affected by the project.

Rocky Forge adhered to this requirement by including this language in their public notice. Their failure to speak with the public at the meeting, however, appears out of step with their statement of purpose.[7] But there is no requirement in the statute that representatives speak at a public meeting. While it would have been far preferable for Rocky Forge to speak with the public, it completed the technical requirements of the statute. Here, like in *Browning-Ferris Industries*, Rocky Forge did not violate a substantive provision of the statute. 254 Va. at 285. We thus find that if there was an error it was procedural.

Third, appellants claim that Rocky Forge's report did not respond to all the written comments it received because it grouped comments together "and responded with meaningless, dismissive statements." Appellants assert that this is a violation of 9 VAC 15-40-30(A)(14),

---

[7] We do note that this was the second public meeting, and based on the record it appears Rocky Forge representatives spoke at the first public meeting. Further, it is unclear whether another public meeting is statutorily required for a modification to an initial permit.

which states that "[f]ollowing the public meeting and the public comment period, the applicant *shall* prepare a report summarizing the issues raised by the public and include any written comments received and the applicant's response to those comments." (Emphasis added). But no language in the statute specifies how comments should be organized or the quality of the answers that must be provided. Thus, there was no violation here of a substantive provision of the statute. Given this, we find the alleged error is procedural.

Because all three alleged errors are procedural, we affirm the court's application of the procedural error standard of review.

## V. Previously Litigated Arguments

Appellants argue that the circuit court erred by declining to hear all of their substantive arguments in the April 7, 2023 hearing. The court stated orally that it had already ruled on the arguments in its May 31, 2022 order, and therefore refused appellants the chance to relitigate the issues. But appellants argue the court should have heard the arguments again as case CL22-521 contained a different agency record. Yet, appellants fail in their brief to state what substantive arguments[8] they were prevented from raising or how a different agency record impacts these arguments.

The Court applies an abuse of discretion standard to a motion to reconsider—which is similar to appellants' request for reconsideration here—and we do not believe the circuit court abused its discretion by declining to reconsider appellants' already litigated arguments. *See Thomas v. Commonwealth*, 62 Va. App. 104, 109-10 (2013) ("Without valid excuse, no party who has had his day in court can reopen the hearing . . . on the mere ground that he wishes to

---

[8] At oral argument, appellants asserted they were precluded from arguing before the circuit court all the substantive arguments raised in the first matter and their arguments that Rocky Forge's desktop mine survey and avian surveys needed to be updated.

- 16 -

interpose other defenses which he neglected to interpose before such decision was made."

(omission in original) (quoting *Holmes v. Holmes*, 7 Va. App. 472, 482 (1988))).

CONCLUSION

We affirm the circuit court's decision because (1) the language in 9 VAC 15-40-100 is

ambiguous and we defer to DEQ's interpretation that an applicant must only submit documents

impacted by the modification; (2) appellants' second assignment of error does not satisfy Rule

5A:20's requirements and is moot; (3) appellants should have been aware that the April 7

hearing concerned both matters and it was not an abuse of discretion for the circuit court to close

both matters because the two are so interlinked; (4) the circuit court correctly applied the

procedural standard of review as the alleged errors were procedural; and (5) the circuit court did

not abuse its discretion by preventing appellants from relitigating arguments.

*Affirmed.*